IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>ALDO CORDOVA PEREZ, JR.<br><br>  Defendant. | Case No. 4:23-cr-00070-001<br><br>**ORDER SETTING CONDITIONS OF SUPERVISION** |

  Defendant Aldo Cordova Perez, Jr., was sentenced to a term of imprisonment and supervised release following his conviction via jury verdict on the charge of Unlawful User in Possession of a Firearm. The United States Court of Appeals for the Eighth Circuit vacated his conviction and remanded for further proceedings relating to the constitutionality of the conviction. Mr. Cordova Perez had already completed his term of imprisonment and was serving his term of supervised release at the time of the Eighth Circuit's ruling.

  On January 27, 2026, the Court held an in-person Status Conference. Mr. Cordova Perez was personally present and represented by Todd M. Lantz. The Government was represented by Assistant United States Attorney Douglas Hammerand. The Court and parties agreed during the hearing that Mr. Cordova Perez's case should be held in abeyance pending decision in a United States Supreme Court case involving similar issues. In the meantime, Mr. Cordova Perez is in the same position as any other defendant who has been found guilty by a jury and has been released pending a ruling on post-trial motions. Accordingly, until further Court Order, Mr. Cordova must abide by the following conditions of supervision:

**MANDATORY CONDITIONS:**

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. You must cooperate in the collection of DNA as directed by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

5. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
6. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
7. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
8. You must answer truthfully the questions asked by your probation officer.
9. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
10. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
11. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
12. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly

    communicate or interact with that person without first getting the permission of the probation officer.

13. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

14. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

15. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

16. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

17. You must follow the instructions of the probation officer related to the conditions of supervision.

## SPECIAL CONDITIONS OF SUPERVISION

18. You must participate in an approved treatment program for anger control. Participation may include inpatient/outpatient treatment. You will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

19. You must participate in a program of testing and/or treatment for substance abuse, as directed by the Probation Officer, until such time as the defendant is released from the program by the Probation Office. At the direction of the probation office, you must receive a substance abuse evaluation and participate in inpatient and/or outpatient treatment, as recommended. Participation may also include compliance with a medication regimen. You will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment. You must not use alcohol and/or other intoxicants during the course of supervision.

20. You must submit to a mental health evaluation. If treatment is recommended, you must participate in an approved treatment program and abide by all supplemental conditions of treatment. Participation may include inpatient/outpatient treatment and/or compliance with

a medication regimen. You will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

21. You will submit to a search of your person, property, residence, adjacent structures, office, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), and other electronic communications or data storage devices or media, conducted by a U.S. Probation Officer. Failure to submit to a search may be grounds for revocation. You must warn any other residents or occupants that the premises and/or vehicle may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of your release and/or that the area(s) or item(s) to be searched contain evidence of this violation or contain contraband. Any search must be conducted at a reasonable time and in a reasonable manner. This condition may be invoked with or without the assistance of law enforcement, including the U.S. Marshals Service.

**IT IS SO ORDERED.**

Dated this 27th day of January, 2026.

_____
STEPHEN H. LOCHER
UNITED STATES DISTRICT JUDGE